UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IRWIN A. DILLARD, | ) | CASE NO. 1: 04 CR 0034 |
| | ) | 1: 07 CV 3025 |
| Petitioner, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |

This matter comes before the Court upon Petitioner Irwin A. Dillard's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (ECF # 63.)

**I.**

Petitioner was indicted for conspiracy to distribute cocaine base ("crack cocaine") and for possession with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). (ECF # 4.) Petitioner subsequently filed a Motion to Suppress evidence that was seized from the residence that he shared with his girlfriend, which included almost 300 grams of crack cocaine. (ECF # 21.) The government filed responses in opposition to the Motion, and the Court held a three-day evidentiary hearing on the issue. (ECF # 24, 26-29, 31.) On May 12, 2004, the Court denied the Motion to Suppress. (ECF # 29.) On June 22, 2004, Petitioner entered a conditional guilty plea, expressly reserving his right to appeal the denial of the Motion to Suppress. (ECF # 35.) The Court sentenced Petitioner to 128 months of imprisonment, to be followed by five years of supervised release. (ECF # 48.)

Petitioner appealed the Court's decision on the Motion to Suppress to the Court of Appeals for the Sixth Circuit, which affirmed the district court's judgment. (ECF # 51, 58.) Petitioner filed a petition for writ of certiorari with the Supreme Court, which was denied. (ECF

# 62.) Petitioner then filed the instant Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (ECF # 63.) In the Motion, Petitioner states:

> Counsel was ineffective for advising [him] to plead to the indictment, were [sic] counsel clearly stated in direct appeal that the government had violated [his] constitutional rights. Counsel advised [him] to plead when the government lacked probable cause to enter the dwelling and obtain evidence without a warrant.

(*Id.* at 5.) On November 19, 2007, Respondent filed a response to Petitioner's Motion, requesting that the Court deny the Motion. (ECF # 68.) Petitioner filed a Reply Brief in response to the government's opposition on November 30, 2007. (ECF # 69.) Thus, this matter has been briefed fully and is ready for disposition.

**II.**

A petitioner that moves to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255. In order to obtain relief under § 2255, a petitioner who entered a guilty plea "must demonstrate the existence of an error of constitutional magnitude" that had a "substantial and injurious effect or influence" on the plea. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003). As such, a court may grant relief under § 2255 only if a petitioner has demonstrated "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation and citation omitted). If a § 2255 motion, as well as the files and records of the case, conclusively show that the petitioner is entitled to no relief, then the court need not grant a hearing on the motion. *See* 28 U.S.C. § 2255; *see also Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (recognizing that evidentiary hearing is not

required when the record conclusively shows that petitioner is not entitled to relief).

### III.

In order to succeed on a claim of ineffective assistance of counsel, Petitioner must show that his counsel's performance was deficient, and that the deficient performance prejudiced him to the extent that "but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland v. United States*, 466 U.S. 668, 694 (1984).  Here, Petitioner takes a nonsensical position, arguing that, because counsel maintained on appeal that the district court's decision was erroneous and the underlying evidence should have been suppressed, counsel never should have advised him to plead guilty based upon that evidence.  The fatal flaw in this stance is that it assumes that the underlying evidence should have, in fact, been suppressed.  To the contrary, both this Court and the Sixth Circuit have separately held that it should not.  Petitioner's counsel was not ineffective.  Petitioner participated in the three-day hearing on the Motion to Suppress, and subsequently made the decision to plead guilty.  There is no evidence in the record to suggest that Petitioner did not understand what he was doing and did not knowingly and voluntarily plead guilty, reserving his right to appeal the Court's decision on the Motion to Suppress.  Petitioner made what he thought was the best decision, and cannot now claim that his counsel led him astray.  Because Petitioner fails to affirmatively demonstrate that his counsel's conduct fell below the objective standard of reasonableness,  the Court shall not grant relief on this basis.

### IV.

Because the files and records in this case conclusively show that Petitioner is entitled to no relief under 28 U.S.C. § 2255, no evidentiary hearing is required to resolve the pending

Motion. For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 is DENIED.

IT IS SO ORDERED.

*s/ Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATED: January 30, 2008